**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

---

**Robert S. Mitchell** **Petitioner/Appellant**

**vs.** **No. 26-3209**

**Dexter Payne,**
**Director, Arkansas Division of Correction** **Respondent/Appellee**

---

# PETITIONER'S APPLICATION FOR CERTIFICATE OF APPEALABILITY

Robert S. Mitchell is an Arkansas prisoner serving a 17-year sentence in the Arkansas Division of Correction. His habeas petition was dismissed by the district court. He now seeks a certificate of appealability (COA) so that this Court may consider whether he is entitled to specific performance of the plea agreement that he believed he bargained for: namely, regular one-third or one-quarter parole eligibility. *See Santobello v. New York*, 404 U.S. 257, 262 (1977) ("[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."). Because the district court erroneously dismissed this claim on procedural grounds, the Court should issue a COA.

## RELEVANT BACKGROUND

Mitchell was charged with first-degree battery in Arkansas state court. R. Doc. 39 at 2. During the plea negotiation process, he asked his trial counsel what his parole eligibility would be. R. Doc. 39 at 3. His attorney told him he would have regular one-third or one-half parole eligibility under Ark. Code Ann. § 5-4-501(b), not ineligibility under subsection (c) or (d). R. Doc. 39 at 4. After earning maximum good-time credit, Mitchell believed he would be eligible for parole after serving one-sixth or one-quarter of his sentence. R. Doc. 39 at 4. He was *not* told he would need to serve one hundred percent of any sentence due to a prior conviction for first-degree domestic battery. R. Doc. 39 at 4. Ultimately Mitchell entered a negotiated plea for a 17-year sentence in the Arkansas Division of Correction (ADC). R. Doc. 39 at 4.

For over three years at ADC, Mitchell's timecards showed him eligible for parole. R. Doc. 39 at 5. About a month before he went to see the parole board, he received a new timecard showing him ineligible for parole because of his prior conviction for first-degree domestic battery. R. Doc. 39 at 5. The authority for this change was "Act 1805," codified at Ark. Code Ann. § 16-93-609(b). R. Doc. 39 at 5. Mitchell filed a prison grievance, which was denied,

and then filed a state court habeas action, which was denied the same day it was filed. R. Doc. 39 at 5–6. He then filed a federal court habeas action under 28 U.S.C. § 2254. R. Doc. 1.

The district court later appointed undersigned counsel to serve as Mitchell's attorney pro bono. R. Doc. 34. Counsel filed an amended habeas petition, R. Doc. 39. In his amended petition, Mitchell's first claim was that he was entitled to specific performance of the plea agreement he believed he bargained for: namely, regular one-third or one-fourth parole eligibility. R. Doc. 39 at 6. (The second claim in his amended petition is not pursued here.)

The magistrate judge issued a recommended disposition, R. Doc. 42, to which both parties objected, R. Docs. 43–44, and the district court dismissed the amended habeas petition with prejudice, R. Docs. 45–46.

## STANDARD OF REVIEW

The Court will issue a COA if reasonable jurists could debate whether "the petition should have been resolved in a different manner" or that the issue presented is "adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

When a court denies a petition on procedural grounds, a COA should issue when "jurists of reason would find it debatable whether a petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The U.S. Supreme Court has emphasized that review of a COA application "is not coextensive with a merits analysis." *Buck v. Davis*, 580 U.S. 100, 115 (2017). A petitioner is not required to show "that the appeal will succeed," as "a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

ARGUMENT

The district court erroneously dismissed the first claim in Mitchell's amended habeas petition on grounds of untimeliness and procedural default. R. Doc. 45. As explained below, the first claim in the amended petition was both timely and should be deemed exhausted. Because it is debatable whether the district court was correct in its procedural ruling, *Slack*, 529 U.S. at 484, the Court should issue a COA.

### A. Claim one of Mitchell's amended petition is timely because it relates back to his original handwritten habeas petition.

Claim one of Mitchell's amended petition, R. Doc. 39, is not time-barred because it relates back to his original handwritten pro se petition, R. Doc. 1.

#### 1. Legal standard.

Claims made in an amended petition relate back to the original petition when the amendment asserts a claim that arose out of the same "conduct, transaction, or occurrence set out—or attempted to be set out—in the original" petition. Fed. R. Civ. P. 15(c)(1)(B). "[R]elation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Mayle v. Felix*, 545 U.S. 644, 659 (2005) (citation omitted). "An amended habeas petition . . . does not relate back (and thereby escapes AEDPA's one-year limit) when it asserts a new ground for relief supported by facts that *differ in both time and type* from those the original pleading set forth." *Id.* at 650 (emphasis added).

"Rule 15(c)(1)(B) allows relation back to an occurrence that was only '*attempted* to be set out' in the original pleading, which necessarily contemplates that the original pleading may be inadequately pleaded yet still

support relation back." *Ross v. Williams*, 950 F.3d 1160, 1170 (9th Cir. 2020) (en banc) (emphasis in original; quoting Fed. R. Civ. P. 15(c)(1)(B); citations omitted). "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

"The rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n.3 (1984) (per curiam) (citation omitted).

**2. Argument.**

The facts alleged in claim one of the amended petition do not "differ in both time and type," *Mayle*, 545 U.S. at 650, from those alleged in the original petition, so claim one of the amended petition relates back to the original.

Liberally construed, Petitioner Mitchell's original handwritten pro se petition alleged that Respondent Payne was unlawfully applying Act 1805—codified at Ark. Code Ann. § 16-93-609(b) and commonly called the "one hundred percent rule"—to Mitchell. *See* R. Doc. 1 at 2 ("On February 03

202[3], the petitioner received a new time card . . . also placing petitioner under a sentence of Act 1805 which is a violation of petitioner's constitutional rights to due process of law," etc.).

The change in legal theory from the original petition to claim one of the amended petition is of no moment. "The fact that an amendment changes the legal theory on which the action initially was brought is of no consequence if the *factual situation* upon which the action depends remains the same and has been brought to defendant's attention by the original pleading." 6A Wright & Miller, Federal Practice & Procedure–Civil § 1497 (3d ed.) (updated May 20, 2025) (emphasis added). All that is required is that the new facts do not "differ in both time and type" from the original facts. *Mayle*, 545 U.S. at 650.

In his original petition, Mitchell attempted to set out that his prison sentence was supposed to have normal one-half or one-third parole eligibility. *See* Fed. R. Civ. P. 15(c)(1)(B). His original petition put the respondent on notice of that. Claim one of his amended petition alleged additional facts related to that *same* "conduct, transaction, or occurrence." *Id.* Therefore, claim one of the amended petition relates back to the original petition and is not time-barred.

## B. Claim one of Mitchell's amended petition should be deemed exhausted.

Claim one of Mitchell's amended petition, R. Doc. 39, should be deemed exhausted under 28 U.S.C. § 2254(b)(1).

Petitioner Mitchell raised his claims before the Circuit Court of Lee County, Arkansas, by filing pro se a state habeas petition on May 9, 2023. R. Doc. 12-6. It was denied the same day it was filed. R. Doc. 12-7. This should be enough to have "exhausted the remedies available in the courts of the State." § 2254(b)(1)(A). The contrary U.S. Supreme Court holding—that a petitioner must have also presented his claims to the state *appellate* courts, *e.g.*, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)—goes beyond the text of § 2254(b)(1)(A) and should be overruled.

Alternatively, if the Court finds this claim unexhausted, the Court should analogize the miscarriage of justice/actual innocence exception to procedural default to the exhaustion requirement. Because his plea bargain was for regular one-half or one-third parole eligibility, *see generally* R. Doc. 39, it would be a miscarriage of justice to apply Ark. Code Ann. § 16-93-609(b) to him.

WHEREFORE, because "jurists of reason would find it debatable whether [Mitchell's amended] petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack*, 529 U.S. at 484, Mitchell prays this Honorable Court grant a certificate of appealability and all other relief just and proper.

Respectfully submitted,

ROBERT S. MITCHELL
Petitioner

By: */s/ Andrew Thornton*
Andrew Thornton
Ark. Bar No. 2016202
Attorney at Law
P.O. Box 13594
Maumelle, AR 72113
(425) 273-0907
andrew@allwrits.com

*Attorney for Petitioner Mitchell*

**CERTIFICATE OF SERVICE**

I certify that on November 5, 2026, I electronically filed this document by CM/ECF, which will serve it upon the respondent's attorney of record.

*/s/ Andrew Thornton*